Justin Mercer, Esq.
justin@iLawco.com
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
*Counsel for MCO & EA LLC*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MCO & EA LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SILVER GLOBE INC.,<br><br>*Defendants*. | Case No: 2:20-cv-17100<br><br><br><br>**COMPLAINT**<br>JURY TRIAL DEMANDED |

Plaintiff MCO & EA LLC ("MCO" or "Plaintiff"), by and through its undersigned attorneys, hereby submits this Complaint against Defendant Silver Globe Inc. ("Silver Globe" or "Defendant") and alleges as follows:

**THE PARTIES**

1. Plaintiff MCO is a limited liability company organized and existing under the laws of the State of New Jersey, with a place of business at 37 Forest Road Allendale, New Jersey 07401.

2. Upon information and belief, Defendant Silver Globe Inc. is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 335 Clifton Avenue Suite 204, Clifton, New Jersey 07011.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

4. This Court has personal jurisdiction over Defendant because, upon information and belief: (1) Defendant does substantial business and has substantial and continuous contacts with New Jersey; (2) Defendant is incorporated in this judicial district and has its principal place of business located in this judicial district; and/or (3) Defendant regularly solicit business from, does business with, and/or derives revenue from consumers located in this judicial district. For at least these reasons, therefore, Defendant should reasonably expect that its activities might have consequences in this judicial district.

5. Venue is proper under 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

**BACKGROUND**

6. Plaintiff MCO is in the business of selling teak furniture under the TEAKCRAFT trademark.

7. Plaintiff MCO is the registrant of U.S. Trademark Registration No. 6106373 for the mark TEAKCRAFT for "Chairs; Furniture; Stools; Tables, all made in whole or significant part of teak" in Class 20 (the "TEAKCRAFT Registration").

8. Since its creation, Plaintiff has sold thousands of items and served thousands of customers through its Amazon storefront.

9. Defendant Silver Globe is in the business of selling teak furniture under the ALATEAK trademark.

10. Defendant Silver Globe is the registrant of U.S. Trademark Registration No. 5474566 for the mark ALATEAK for "Furniture primarily made of teak," in Class 20 (the "ALATEAK Registration").

11. Defendant sells its teak furniture through its Amazon storefront.

12. Defendant and Plaintiff are direct competitors who sell their goods via Amazon storefronts.

13. Defendant's illegal actions have irreparably damaged, and threatened to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

14. Upon information and belief, Amazon is the world's largest online retailer.

15. According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined.  *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html

16. Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

17. The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

18. Since approximately November 2019, Plaintiff has had a contractual and business

relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

19. Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

20. A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

21. In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

22. Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

23. Plaintiff's Amazon storefront offers a variety of teak furniture, including teak shower benches.

24. Plaintiff's teak shower benches have dozens of reviews on Amazon and hold a near perfect customer rating.  A representative sample is shown below:



25. Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury Plaintiff.

### DEFENDANT'S ATTEMPT TO STIFLE COMPETITION
### BY FILING A FALSE COMPLAINT

26. On information and belief, Defendant seeks to increase its profits by unfairly competing and filing false complaints on Amazon's seller platform.

27. As demonstrated below, Defendant has engaged in an effort to preclude Plaintiff from selling a genuine, non-infringing product on Amazon's marketplace by false allegations of counterfeit.

5

28. Defendant's ALATEAK shower bench is comprised of a generic, commonplace and functional design for which Defendant cannot claim any proprietary rights nor does it allege to own any proprietary rights in the shape or features of its shower bench.

29. Plaintiff's TEAKCRAFT shower bench is not a copy of the ALATEAK shower bench. There are differences in shape, size, height, features and design elements, as shown here:

|   |   | TEAKCRAFT | ALATEAK |
|---|---|---|---|
| 1 |   | SIDE FRAME is STRAIGHT | SIDE FRAME IS CURVED |
| 2 |   | WITH HANDLE GRIP | WITHOUT HANDLE GRIP |
| 3 |   | LEG SIZE and SHAPE is DIFFERENT MODEL | LEG SIZE and SHAPE is DIFFERENT MODEL |
| 4 |   | GAP BETWEEN SLATS is 18 mm | GAP BETWEEN SLATS is 14 mm |
| 5 |   | FRONT and BACK FRAME is CURVED | FRONT and BACK FRAME is STRAIGHT |
| 6 |   | SLATS SHELVES is 40 mm | SLATS SHELVES is 35 mm |
| 7 |   | TABLE SHOES is LEVELING SYSTEM (ADJUSTABLE) and BLACK RUBBER COMPONENT | TABLE SHOES is STANDARD FIX SYSTEM (ADJUSTABLE) and WHITE PLASTIC COMPONENT |
| 8 |   | SHELVE SIZE is 11"x16.5" inch | SHELVE SIZE is 10"x16" inch |
| 9 |   | TOTAL DIMENTION SIZE is 21"x14"x18.5" inch | TOTAL DIMENTION SIZE is 20"x13.75"x17.5" inch |

6

30. On information and belief, the purpose of the false complaint was to prevent a competitor, Plaintiff, from selling genuine TEAKCRAFT products on Amazon.

31. On information and belief, the purpose of the false complaint was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

32. Because Plaintiff sells only genuine TEAKCRAFT products through its Amazon storefront, Defendant has no legitimate counterfeit claim against Plaintiff.

33. It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

34. As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable. ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications. They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

35. On information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

36. On information and belief, Defendant was, at all relevant times, aware that

Amazon will act on its report that a product is "counterfeit," regardless of the truth of the report.

37. The Lanham Act defines a "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

38. Defendant filed a complaint with Amazon that alleged that Plaintiff was selling a "counterfeit" ALATEAK product, citing the ALATEAK Registration and no other proprietary rights.

39. Defendant knew, or should have known, that the allegation was false.

40. The complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendant.

41. For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."
> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited November 24, 2020).

42. On information and belief, Ahmet Suat Cicek, Defendant's General Manager, signed and submitted the false intellectual property complaint.

43. Once confirmed, Ahmet Suat Cicek and all other individual(s) responsible for the false intellectual property complaint described below will be added as defendants in this action.

44. On or about October 16, 2020, Plaintiff received a notice from Amazon stating as follows:

> Hello,
>
> We have deactivated the product listing(s) mentioned at the end of this email.
>
> Why did this happen?
> We received a report from a rights owner that the products below are inauthentic.
>
> The rights owner is asserting that the products infringe the following trademark:
> Trademark number 5474566
>
> One or more of your listings is infringing the intellectual property rights of others.
>
> We're here to help.
> If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).
>
> How do I reactivate my listing?
> Please provide the following to reactivate your listings:
> -- A letter of authorization or a licensing agreement from the manufacturer or Rights Owner demonstrating that your products are lawful. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.
>
> How do I submit this information?
> Go to Received Intellectual Property Complaints under the Product Policy Compliance section on your account health dashboard (https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa) and locate the deactivation record for this product listing. Click on the Appeal button next to the listing deactivation record to submit information necessary to reactivate your listing.
>
> Have your listings been removed in error?
> If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask for a retraction of the notice. To retract the complaint, the rights owner must send the retraction to us at notice-retraction@amazon.com or use the retraction function in Brand Registry.
>
> These are the rights owner's contact details:
> -- ahmet suat cicek
> -- silverglobeonline@gmail.com
>
> We can only accept retractions if the rights owner clearly states that they made an error.
>
> What happens if I do not provide the requested information?
> Your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days. Violating this policy may also result in loss of selling privileges or other legal consequences.
>
> ASIN: B0818YHSCM
> Infringement type: Counterfeit
> Trademark asserted: 5474566
> Complaint ID: 7494050671

45. The above report relates to a TEAKCRAFT branded product, which is referenced by its Amazon Standard Identification Number ("ASIN").

46. The TEAKCRAFT product identified as "counterfeit" in the above report was genuine.

47. Defendant asserts trademark rights in ALATEAK as the basis for its counterfeit complaint on a TEAKCRAFT product.

48. The above report does not assert any other intellectual property rights in support of the counterfeit claim.

49. On information and belief, Defendant's allegation that the above TEAKCRAFT product is counterfeit was knowingly false and made in bad faith.

9

50. On information and belief, Defendant purchased Plaintiff's TEAKCRAFT product and then on or about October 19, 2020 started to file a string of false customer complaints with Amazon as a purported "customer" claiming that Plaintiff was selling "used" products as "new."

51. Plaintiff only sells new and genuine products.

52. On information and belief, Defendant knew the customer complaints were false but filed them anyway in an attempt to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

### **DEFENDANT REFUSED TO RETRACT ITS FALSE REPORT**

53. Plaintiff has sought in good faith to resolve the above complaints with Defendant. Defendant, despite having no support for their allegations, have refused to retract their baseless complaints.

54. On November 8, 2020, counsel for Plaintiff sent an email to Defendant informing it that there was no basis for the counterfeit complaint and requesting retraction of the complaint. Defendant was warned that failure to retract the complaint or respond to the email would result in litigation.

55. To date, Defendant has failed to respond or retract its complaints.

### **HARM TO PLAINTIFF**

56. As a result of the above false rights complaints, Plaintiff's listing relating to its TEAKCRAFT shower bench product was suspended, resulting in an immediate loss of revenue.

57. It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

58. On information and belief, Defendant was aware that complaints to Amazon,

particularly those alleging the sale of counterfeit products, result in selling suspensions.

59. At no time has Plaintiff ever sold counterfeit ALATEAK products.

60. The TEAKCRAFT products sold by Plaintiff were, at all times, new and authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

61. Defendant knowingly made a false intellectual property rights complaint and a false customer complaint against Plaintiff.

62. Upon information and belief, the true purpose of the complaint was to ensure the suspension of Plaintiff's marketplace listings and eliminate fair competition.

## COUNT ONE
**(Declaratory Judgment -- No Trademark Infringement or Counterfeiting)**

63. Plaintiff repeats and incorporates the allegations in the foregoing paragraphs of this Complaint.

64. Defendant sells ALATEAK branded products.

65. Plaintiff sells genuine TEAKCRAFT branded products.

66. Defendant submitted a complaint to Amazon that states that Plaintiff's TEAKCRAFT shower bench is a counterfeit and infringed the ALATEAK Registration.

67. The TEAKCRAFT product sold by Plaintiff is not a counterfeit.

68. The trademark TEAKCRAFT is not a counterfeit of the ALATEAK trademark.

69. The USPTO has approved Plaintiff's TEAKCRAFT Registration and Defendant's ALATEAK Registration.

70. Defendant's complaint has caused the deactivation of Plaintiff's listing and its ability to sell the product on Amazon.

71. Defendant's complaint threatens to cause the suspension of Plaintiff's selling privileges as they relate to any and all products.

72. Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

73. Under these facts, an actual controversy exists between Plaintiff and Defendant.

74. Plaintiff is entitled to a declaratory judgment that it has not sold counterfeit ALATEAK products.

75. Plaintiff is entitled to a declaratory judgment that it has not violated Defendant's trademark rights or other rights, whether under Federal or State law.

## COUNT TWO
### (Unfair Competition and False Or Misleading Representation – 15 U.S.C. § 1125(a))

76. Plaintiff repeats and incorporates the allegations in the foregoing paragraphs of this Complaint.

77. This is a claim for false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

78. Plaintiff and Defendant compete for sale of teak furniture.

79. Plaintiff has a commercial interest in its commercial and business reputation.

80. Plaintiff has established a business reputation as a popular and trusted seller of consumer products on Amazon's marketplace.

81. Defendants have knowingly made false, misleading, and defamatory statements in commerce through Amazon's infringement reporting tools relating to the products associated with Plaintiff. These statements actually deceived Amazon and are likely to deceive and confuse the public (i.e., Amazon's marketplace users) into believing that Plaintiff's products are counterfeit, thereby materially affecting their decision and ability to purchase Plaintiff's products.

82. Defendant's report to Amazon was designed to advance their business interests

by removing Plaintiff's listings from the Amazon marketplace thereby increasing Defendants' market share.

83. Defendant's false and misleading representations were sufficiently disseminated to actual and prospective customers by way of the report to Amazon so as to constitute advertising.

84. Defendant's false and misleading representation of Plaintiff's alleged infringement has misled, confused and deceived customers and prospective customers as to Plaintiff's reputation. Further, these misrepresentations have the capacity to continue misleading, confusing, and deceiving Plaintiff's customers and prospective customers. The false and misleading representations had a material effect on Plaintiff's customers' and prospective customers' decisions to do business with Plaintiff.

85. Defendant made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

86. On information and belief, Defendant had actual knowledge that Defendant had no support for the complaint that Defendant submitted to Amazon in connection with Plaintiff's product, and Defendant acted with the intent that Plaintiff's ability to sell a TEAKCRAFT shower bench be removed thereby forcing consumers to purchase a teak shower bench from Defendant or a third party.

87. Plaintiff's injuries fall within the zone of interest protected by the Lanham Act because Defendant's false advertising and disparaging misrepresentations have caused Plaintiff to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation. Defendants' wrongful acts as alleged in this Amended Complaint constitute false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

88. The damage to Plaintiff's economic and reputational injuries were directly caused by Defendant's false and misleading representations.

89. As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

90. As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

Defendant will continue its actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNT THREE
**(Unfair Competition Pursuant to New Jersey Common Law)**

91. Plaintiff realleges and incorporates all previous paragraphs.

92. This is a claim for unfair competition, arising under the common law of the State of New Jersey.

93. By reason of all of the foregoing, Defendant, as a market competitor of Plaintiff, engaged in deceptive conduct by disseminating false and misleading representations that Plaintiff sold counterfeit ALATEAK products.

94. Defendant's conduct caused consumer confusion because it had a material effect on Plaintiff's customers' and prospective customers' decisions and ability to purchase Plaintiff's products or do business with Plaintiff.

As a result of Defendants' unfair competition, Plaintiff's customers and prospective customers were actually deceived or are likely to be deceived and confused into believing that Plaintiff's products are counterfeit.

95. As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

96. As a direct and proximate result of Defendant's actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law. Defendant will continue their actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNT FOUR
### (Tortious Interference With Contract And Business Relations)

97. Plaintiff realleges and incorporates all previous paragraphs.

98. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

99. Plaintiff is also in a contractual relationship with Amazon.

100. At all relevant times, Defendant was aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

101. At all relevant times, Defendant was aware of the terms and conditions of Amazon, as well as the advantageous business relationship that comes with being an Amazon seller.

102. Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling counterfeit products.

103. Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

104. Defendant intended to cause Amazon to suspend Plaintiff's ability to sell

TEAKCRAFT shower benches on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

105. Defendant had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell TEAKCRAFT shower benches on Amazon.

106. Defendant's accusations of counterfeiting, made directly to Amazon, were for the improper purpose of suppressing competition.

107. Defendant's actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listing of TEAKCRAFT shower benches to be suspended.

The intentions of Defendant are demonstrated by the fact that Defendant ignored correspondence from Plaintiff's counsel and refused to retract its complaint.

108. Defendant's accusations were false and were made maliciously and with ill will.

109. Plaintiff has been damaged by suspension of these listings by losing revenue related to TEAKCRAFT products.

110. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

111. Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

## COUNT FIVE
### (Defamation)

112. Plaintiff realleges and incorporates all previous paragraphs.

113. Defendant published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff sold "counterfeit" ALATEAK products.

114. Plaintiff did not sell counterfeit ALATEAK products.

115. Defendant's false statements were injurious to Plaintiff's business because they

caused Amazon to suspend Plaintiff's selling privileges related to TEAKCRAFT products.

116. Defendant's false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

117. Upon information and belief, Defendant was, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendant knew that Plaintiff sells genuine products.

118. Defendant's false statements are not protected by any privilege.

119. Defendant acted with actual malice or with reckless disregard for the truth of the matter contained in Defendant's false statements to Amazon and Plaintiff's customers.

120. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

121. Here, Defendant published statements that Plaintiff was engaged in trademark counterfeiting, which is a criminal offense.

122. Defendant's false statements constitute defamation per se.

123. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling TEAKCRAFT products and damage to its relationship with Amazon and its customers.

124. Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to TEAKCRAFT products have been suspended and Plaintiff has lost sales of TEAKCRAFT products.

125. Plaintiff is entitled to damages, costs, and fees as allowed by law.

126. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT SIX
## (Trade Libel)

127. Plaintiff realleges and incorporates all previous paragraphs.

128. Defendant knowingly published false and derogatory statements regarding Plaintiff's business.

129. Specifically, Defendant published false and materially derogatory statements that Plaintiff was selling counterfeit ALATEAK products.

130. Defendant's statement that Plaintiff was selling counterfeit ALATEAK products was calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

131. As discussed above, on information and belief, Defendant knew that submitting a false complaint to Amazon would cause Amazon to suspend Plaintiff's product listing.

132. Defendant's false and derogatory statements to Amazon were a substantial factor in inducing these parties not to conduct business with Plaintiff.

133. Plaintiff suffered special damages as a result of Defendant's statements in the form of lost dealings.

134. As a result of Defendant's false rights owner complaint, Plaintiff's product listing was removed from Amazon resulting in a direct and immediate loss in revenue.

135. Plaintiff is entitled to damages, costs, and fees as allowed by law.

136. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

    A.    An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendant;

    B.    Preliminary and permanent injunctive relief restraining Defendant, its agents, servants, employees, successors and assigns, and all others in concert and privity with Defendant, from filing false complaints with Amazon and any other e-commerce platform.

    C.    Injunctive relief requiring Defendant to rescind all complaints that they have filed against Plaintiff;

    D.    An award of all damages that Plaintiff has suffered as a result of Defendant's false representations and unfair competition;

    E.    An award of all damages that Plaintiff has suffered as a result of Defendant's tortious interference;

    F.    An award of all damages that Plaintiff has suffered as a result of Defendant's defamation;

    G.    An award of all damages that Plaintiff has suffered as a result of Defendant's trade libel;

    H.    An award of all costs and fees incurred in this Action; and

    I.    Such other and further relief as the Court shall find just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: November 24, 2020

LEWIS & LIN, LLC

By: _/s/ Justin Mercer_
Justin Mercer, Esq.
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: justin@iLawco.com

*Counsel for Plaintiff*