<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MCO & EA LLC, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 20-17100 (SRC) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| SILVER GLOBE INC., | : | |
| | : | |
| Defendant. | : | |

<u>**CHESLER, U.S.D.J.**</u>

  This matter comes before the Court on a motion and a cross-motion for summary judgment, pursuant to FED. R. CIV. P. 56: 1) the motion for partial summary judgment by MCO & EA LLC ("MCO"); and 2) the cross-motion for summary judgment by Defendant Silver Globe Inc. ("Silver.")   For the reasons set forth below, Plaintiff's motion will be granted and Defendant's motion will be granted in part and denied in part.

  This case arises out of a dispute between two sellers of teak shower benches.   The basic facts are undisputed.   Both parties are sellers of wooden shower benches on Amazon.com.   In November of 2020, Defendant filed a complaint with Amazon alleging that a bench product sold by Plaintiff was "counterfeit" and infringed Defendant's "ALATEAK" trademark.   Amazon suspended Plaintiff's sales of that particular bench for almost 5 weeks.   Defendant now admits that this bench product sold by Plaintiff product neither infringed its trademark nor was counterfeit.

1

In November of 2020, Plaintiff filed a Complaint in this Court asserting six claims: 1) declaratory judgment of no trademark infringement or counterfeiting; 2) unfair competition under the Lanham Act; 3) common law unfair competition; 4) common law tortious interference; 5) defamation; and 6) trade libel.   Plaintiff has moved for partial summary judgment on Counts One, Five, and Six.   Defendant has cross-moved for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.   Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).   A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).   "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"   Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."   In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the

burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001). "In reviewing the record, the court must give the nonmoving party the benefit of all reasonable inferences." Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**DISCUSSION**

**I.  The motion and cross-motion**

A.  Count One: Declaratory Judgment

Count One of the Complaint seeks a declaratory judgment that Plaintiff has not sold counterfeit ALATEAK® products and has not infringed the ALATEAK trademark.   The parties do not dispute any underlying facts as to this claim, and agree that Plaintiff has not sold counterfeit ALATEAK® products and has not infringed the ALATEAK trademark.   Plaintiff moves for summary judgment on Count One; Silver opposes the motion on the ground that, because there is no current disagreement, the issue is moot.

Silver argues that there is no longer any live case or controversy with respect to Count One, that MCO bears the burden of demonstrating that the issue is "capable of repetition yet evading review," Cty. of Butler v. Governor of Pa., 8 F.4th 226, 231 (3d Cir. 2021), but has not done so.   (Def.'s Opp. Br. at 7.)   In reply, MCO points out that it relies here on a different principle, the "voluntary cessation" doctrine.   As MCO contends, under the voluntary cessation doctrine, Supreme Court precedent places on Silver a burden that Defendant has not met:

> We have recognized, however, that a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued.   Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends. Given this concern, our cases have explained that "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."

Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (citation omitted).   Defendant claims here that its voluntary compliance moots the case as to Count One, but has not demonstrated that it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.

As a result, under the voluntary cessation doctrine, the issue of counterfeiting and trademark infringement is not moot.   MCO has demonstrated that it is entitled to a declaratory judgment that Plaintiff has not sold counterfeit ALATEAK® products and has not infringed the ALATEAK trademark.   As to Count One, Plaintiff's motion for summary judgment will be granted, and Defendant's cross-motion will be denied.

Plaintiff has voluntarily withdrawn Count Two with the consent of Defendant.   The Complaint is considered amended to delete Count Two.   See Perry v. Schumacher Grp. of Louisiana, 891 F.3d 954, 958 (11th Cir. 2018) (withdrawal of a claim is effectively an amendment of the complaint under Rule 15.)

B.  Count Three: common law unfair competition

Defendant cross-moves for summary judgment on Count Three on the ground that Plaintiff cannot prove its claim for unfair competition under the common law of the State of New Jersey.   Defendant points to the fact that, as pled in the Complaint, Count Three alleges that Defendant disseminated false representations that Plaintiff sold counterfeit ALATEAK® products, which deceived and confused Plaintiff's actual and prospective customers.   Defendant argues that this has no factual support, and that Plaintiff has not even alleged that the counterfeiting accusation was communicated to actual or prospective consumers.   Rather, Defendant argues, Plaintiff contends that the counterfeiting misrepresentation was made to Amazon, not to consumers.   In reply, Plaintiff neither addresses nor opposes this argument, which this Court construes as a concession that Defendant is correct.   Instead, Plaintiff argues only that, under New Jersey law, tortious interference may provide the basis for an unfair competition claim.   This Court need not determine whether Plaintiff is correct about New Jersey

5

law because, even if Plaintiff is correct, Count Three of the Complaint is premised on deception and confusion of consumers, not on tortious interference, which is asserted in Count Four.

Defendant has moved for summary judgment on the ground that Plaintiff cannot prove Count Three, and Plaintiff has failed to cite evidence sufficient to permit a reasonable jury to find in its favor.   As to Count Three, Defendant's motion for summary judgment will be granted.

C.  Count Four: tortious interference

Defendant cross-moves for summary judgment on Count Four on the ground that Plaintiff cannot prove its claim for tortious interference with contract and business relations under the common law of the State of New Jersey.   Defendant argues that Plaintiff has no evidence to support the required element of malicious intent.   In reply, Plaintiff contends that it "can demonstrate each of those elements [of the claim] at trial."   (Pl.'s Reply Br. at 19.)   Plaintiff did not, however, cite to particular evidence of record to support this assertion, as required by Rule 56(c)(1)(A).

The first question here is: what are the required elements of Plaintiff's claim?   New Jersey law distinguishes the tort of interference with a prospective economic relationship from the tort of interference with the performance of a contract: "The separate cause of action for the intentional interference with a prospective contractual or economic relationship has long been recognized as distinct from the tort of interference with the performance of a contract."   Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 750 (1989); see also Nostrame v. Santiago, 213 N.J. 109, 121 (2013) ("The recognized family of business torts includes both claims for tortious interference with a contract . . . and claims for tortious interference with a

prospective contractual relationship.")   In Count Four, the Complaint alleges: "Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling counterfeit products."   (Compl. ¶ 102.)   The Complaint thus alleges interference with Plaintiff's existing contractual relationship with Amazon, and does not plead a claim for tortious interference with a prospective contractual relationship.

Under New Jersey law:

the general rule defining the elements of tortious interference with an existing contract is:

One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

Nostrame, 213 N.J. at 122.   Count Four in the Complaint alleges a contract between Plaintiff and Amazon.   Count Four does not, however, allege that Silver induced Amazon to breach the contract or otherwise interfered with Amazon's performance under the contract.   Nor do Plaintiff's briefs address these elements, nor cite evidence sufficient to persuade a reasonable jury to find that Plaintiff has established them.   Plaintiff's reply brief discusses Count Four as if the Complaint pled a claim for interference with prospective economic benefit; as just explained, New Jersey distinguishes tortious interference with prospective economic benefit from the tort actually pled in the Complaint, interference with an existing contract.   Under New Jersey law, the two torts are distinct and not interchangeable.

Plaintiff contends that the facts of this case resemble those in Hotaling & Co., LLC v. LY Berditchev Corp., 2022 WL 1134851 at *5 (D.N.J. Apr. 18, 2022).   While the facts alleged are

indeed similar, <u>Hotaling</u> works against Plaintiff.   <u>Hotaling</u> involved a motion to dismiss

counterclaims, and the Amended Answer distinguished between tortious interference with an

existing contract and tortious interference with expectation of economic benefit, asserting both as

separate counterclaims.   <u>Id.</u> at *4-*6.   Presented with a motion to dismiss the counterclaims for

failure to state a valid claim, the <u>Hotaling</u> court denied the motion to dismiss the counterclaim

for tortious interference with expectation of economic benefit.   <u>Id.</u> at *6.   As to the

counterclaim for tortious interference with an existing contract, the court stated:

> However, LYB has not adequately alleged that Plaintiffs' conduct resulted in the
> loss or breach of its contract with Amazon. It merely claims that Plaintiffs caused
> "disruption" of its contract, ACC ¶ 90, but does not detail the contractual
> provisions that were impacted or the resulting breach or loss. Without more,
> LYB's vague allegation of contract "disruption" is insufficient. Nor does LYB
> allege that it lost its contract with Amazon as a result of Plaintiffs' notice and
> takedown complaints. Further, Defendant's contention that it has adequately pled
> the loss or breach of contract element by alleging loss of revenue caused by
> suspension of its listings conflates the third and fourth elements of the claim. Loss
> of revenue resulting from suspension of LYB's Brand Cherry listings may be
> sufficient to plead "damages resulting from [Plaintiffs'] interference," but it does
> not necessarily show "loss or breach of a contract." Because LYB has not
> adequately pled breach or loss of its contract with Amazon, Plaintiffs' motion to
> dismiss LYB's counterclaim for tortious interference is granted.

<u>Id.</u> at *5 (citations omitted).   The defects found by the <u>Hotaling</u> court are present in the instant

case as well.   Neither the Complaint nor Plaintiff's briefs in support of the motions specify the

contractual provisions that were impacted, nor the resulting breach by Amazon nor a loss of the

contract.   Because of these defects, Plaintiff has failed to cite evidence sufficient to persuade a

reasonable jury to decide in its favor as to all elements of Count Four.   As to Count Four,

Defendant's cross-motion for summary judgment will be granted.

    D.   Count Five: defamation

    Plaintiff moves for summary judgment on Count Five, for defamation; Defendant cross-

moves for summary judgment as well.   Under New Jersey law:

> In order to prove defamation, a plaintiff must establish, in addition to damages, that the defendant (1) made a defamatory statement of fact (2) concerning the plaintiff (3) which was false, and (4) which was communicated to a person or persons other than the plaintiff. The fifth element that must be proven is fault. Where, as here, plaintiff is a private figure and the speech is about an exclusively private concern, a traditional negligence standard of fault is applicable, which is defined as communicating the false statement while acting negligently in failing to ascertain the truth or falsity of the statement before communicating it.

Feggans v. Billington, 291 N.J. Super. 382, 390-91 (N.J. Super. Ct. App. Div. 1996) (citations omitted).   There is no dispute that Silver communicated to Amazon a false statement of fact concerning Plaintiff.   (see Def.'s 56.1 SOF at ¶¶ 28, 39-41.)

Silver, in opposition, raises two challenges regarding Plaintiff's defamation case.   First, Silver argues that Plaintiff has not established that the false statement was defamatory.   "A defamatory statement is one that is false and injurious to the reputation of another."   Romaine v. Kallinger, 109 N.J. 282, 289 (1988).   Silver's false statement that Plaintiff was selling counterfeit goods is clearly injurious to Plaintiff's reputation, as demonstrated by the undisputed fact that, in response, Amazon suspended Plaintiff's listing for five weeks.   No reasonable jury could conclude otherwise.

Second, Silver argues that Plaintiff relies only on speculation to prove the element of fault.   This is incorrect.   Defendant admits that, prior to submitting the false statement to Amazon, Silver purchased one of Plaintiff's allegedly infringing bench products, and examined it.   (Def.'s Supp. 56.1 SOF ¶ 11.)   Based on the undisputed facts, a reasonable jury could conclude that Defendant acted negligently in examining Plaintiff's product and submitting a false accusation that it was a counterfeit.

Plaintiff, as the movant bearing the burden of proof of defamation at trial, meets its initial

burden at summary judgment by citing evidence sufficient to persuade a reasonable jury to

decide in its favor; Plaintiff has done so.   The summary judgment burden then shifts to the non-

movant, who may defeat the motion by raising a material factual dispute.   Defendant has raised

no disputes over material facts, and has failed to defeat Plaintiff's motion for summary judgment,

which, as to Count Five, will be granted.   Defendant's cross-motion for summary judgment on

Count Five will be denied.

     E.   Count Six: trade libel

     Plaintiff moves for summary judgment on Count Six, for trade libel; Defendant cross-

moves for summary judgment as well.   Under New Jersey law:

> Trade libel consists of communications made to a third person of false statements
> concerning the plaintiff, or plaintiff's property or business. The communication
> must be made to a third person, and it must be false and play a material part in
> inducing others not to deal with plaintiff.   Prosser & Keeton on Torts § 128 at
> 967 (5th ed.1984).

Enriquez v. W. Jersey Health Sys., 342 N.J. Super. 501, 524 (N.J. Super. Ct. App. Div. 2001)

(citation omitted); Patel v. Soriano, 369 N.J. Super. 192, 246 (N.J. Super. Ct. App. Div. 2004)

(same).   Plaintiff has cited evidence sufficient to persuade a reasonable jury to decide in

Plaintiff's favor on the trade libel claim.   The summary judgment burden then shifts to

Defendant to raise a material factual dispute.

     Defendant, in opposition, argues only that Plaintiff lacks sufficient evidence to prove

malice, but overlooks the New Jersey Supreme Court's definition of "malice" in the context of a

trade libel claim:

> Second, the complaint must allege facts claiming that the interference was done
> intentionally and with "malice."   For purposes of this tort, "[t]he term malice is
> not used in the literal sense requiring ill will toward the plaintiff."   Restatement
> (Second) of Torts Chapter 37 at 5 (introductory note) (1979).   Rather, malice is

defined to mean that the harm was inflicted intentionally and without justification
or excuse.

<u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, 751 (1989) (citations omitted).

Applying this definition, Plaintiff has cited evidence sufficient to persuade a reasonable jury that

the harm was inflicted intentionally and without justification or excuse.

Plaintiff, as the movant bearing the burden of proof of trade libel at trial, meets its initial

burden at summary judgment by citing evidence sufficient to persuade a reasonable jury to

decide in its favor; Plaintiff has done so.   The summary judgment burden then shifts to the non-

movant, who may defeat the motion by raising a material factual dispute.   Defendant has raised

no disputes over material facts, and has failed to defeat Plaintiff's motion for summary judgment,

which, as to Count Six, will be granted.   Defendant's cross-motion for summary judgment on

Count Six will be denied.

Lastly, Defendant cross-moves for summary judgment on the issue of damages, arguing

that the Court should limit Plaintiff's damages as a sanction for its conduct during discovery,

pursuant to Rules 37 and 26.   Rule 37(a)(3)(A) states: "If a party fails to make a disclosure

required by Rule 26(a), any other party may move to compel disclosure and for appropriate

sanctions."   Defendant contends that Plaintiff failed to adequately disclose its computation of

damages and should be sanctioned by "excluding evidence of damages beyond the 34-day

suspension period."  (Def.'s Opp. Br. at 21.)   In reply, Plaintiff disputes Defendant's contention

of inadequate disclosure, and argues that, in any case, "Defendant may challenge the sufficiency

of Plaintiff's damages evidence at a damages inquest or at trial."  (Pl.'s Reply Br. at 22.)   This

Court agrees with Plaintiff: discovery is closed, and the sufficiency of Plaintiff's damages

evidence is a matter for trial.   Defendant has failed to persuade the Court that Rule 37 sanctions

are justified.   As to limiting damages, Defendant's cross-motion for summary judgment will be denied.

Today's decisions on the motion and cross-motion for summary judgment have resolved all pending issues regarding liability as to all claims in the Complaint.   Plaintiff has been granted the declaratory relief it sought in Count One, as well as judgments in its favor on liability as to Counts Five and Six.   Count Two has been withdrawn, and Defendant has been granted judgment in its favor on Counts Three and Four.   This case must proceed to trial to determine damages on Counts Five and Six.

For these reasons,

**IT IS** on this 14th day of June, 2022

**ORDERED** that Plaintiff's motion for partial summary judgment (Docket Entry No. 33) is **GRANTED**; and it is further

**ORDERED** that Judgment is hereby entered in Plaintiff's favor on Count One, and as to liability on Counts Five and Six; and it is further

**ORDERED** that this Court declares as its **JUDGMENT** that Plaintiff has not sold counterfeit ALATEAK® products and has not infringed the ALATEAK® trademark; and it is further

**ORDERED** that Defendant's cross-motion for summary judgment (Docket Entry No. 39) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Counts Three and Four, Defendant's cross-motion for summary judgment is **GRANTED**, and Judgment is hereby entered in Defendant's favor on Counts Three and Four; and it is further

**ORDERED** that, as to all remaining issues, Defendant's cross-motion for summary judgment is **DENIED**.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.